**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| CORDELL MOODY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:26-cv-440-JDK-KNM |
| | § | |
| B. H. JAMESON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cordell Moody, proceeding pro se, initiated this lawsuit asserting civil rights violations. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

**I.**

Plaintiff has an extensive history of filing frivolous lawsuits in this district, beginning in 1985. Judges Folsom and Ward issued orders in separate cases prohibiting Plaintiff from proceeding with any lawsuit in this Court until he satisfies all sanctions and obtains leave of court to proceed. Despite those orders, Plaintiff continued filing lawsuits without first seeking leave to do so or satisfying his sanctions.

On September 22, 2026, Judge Mitchell issued a Report and Recommendation recommending that the complaint be summarily dismissed without prejudice and that Plaintiff be sanctioned in the form of a prohibition against filing any new lawsuits unless filed by a licensed attorney enrolled to practice in this district and

accompanied by the full filing fee. Docket No. 3. Plaintiff filed written objections. Docket Nos. 4; 5.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

For those portions of the Report to which no objections are filed, the Court reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket Nos. 4; 5) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 3) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** without prejudice.

**II.**

The Court further **ADOPTS** the Magistrate Judge's recommendation of sanctions (Docket No. 3) and finds that sanctions should be imposed. As noted by the Magistrate Judge, Plaintiff's litigation practices—continuing to file new lawsuits

despite multiple warnings and admonishments—are abusive and show a lack of respect for the Court's authority. Docket No. 3 at 2. The Magistrate Judge identified thirty lawsuits filed by Plaintiff, five of which were filed after the orders of Judges Folsom and Ward. *Id.* at 1–2. Plaintiff did not seek approval from a district judge of this Court to proceed in those cases. Courts have inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 903 (5th Cir. 1993) (per curiam) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–66 (1980)). A similar sanction prohibiting the filing of new lawsuits without representation and payment of the full filing fee has been imposed in this Court for similar abusive litigation practices. *See Kohute v. Nat'l Rifle Ass'n*, 2025 WL 326398, at *2 (E.D. Tex. Jan. 29, 2025). Accordingly, the Court finds that the imposition of sanctions is appropriate.

It is **ORDERED** that Plaintiff Cordell Moody is **SANCTIONED** whereby no new lawsuits will be accepted from Plaintiff Cordell Moody unless such lawsuit is filed by a licensed attorney enrolled to practice in the U.S. District Court for the Eastern District of Texas and the full filing fee is paid at the outset of the case. *See, e.g., Williams v. United States Ct.*, 2023 WL 5944285, at *2 (E.D. Tex. Sep. 12, 2023) (requiring future lawsuits to be filed by a licensed attorney enrolled to practice in the U.S. District Court for the Eastern District of Texas and the full filing fee to be paid at the outset of the case).

So **ORDERED** and **SIGNED** this **16th** day of **October, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE